UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET M WOODS,

      Plaintiff,

v.                                    Case No:  2:26-cv-00306-JES-KRH

WESTERN   GLOBAL   AIRLINES,
INC., Reorganized Debtor of
Mobility Air LLC, et al.,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of Defendant Western Global Airlines, Inc.'s ("Western Global") Motion to Dismiss Plaintiff's Complaint (Doc. #34) filed on April 8, 2026. Plaintiff, Margaret M. Woods ("Woods"), filed her Response (Doc. #41) on May 1, 2026.  For the reasons set forth below, Defendant's motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).

As the Eleventh Circuit recently summarized, courts engage in a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny. See Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp., 147 F.4th 1341, 1347 (11th Cir. 2025)(citations omitted). First, the court considers what must be plead for the cause of action and then considers the well-pleaded factual allegations — which the court accepts as true — to determine whether they plausibly suggest an entitlement to relief. See id. at 1346-47.

In deciding a motion to dismiss, district courts generally must limit their consideration to the pleadings and any exhibits attached to the pleadings unless the evidence can be considered under the incorporation-by-reference doctrine or judicial notice. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000); Baker v. City of Madison, 67 F.4th 1268, 1276-77 (11th Cir. 2023)(stating a motion to dismiss does not convert into a motion for summary judgment when the court considers evidence under the incorporation-by-reference doctrine or judicial notice). A court may take judicial notice of "a fact that is not subject to reasonable dispute because it" "can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned," Fed. R. Evid. 201(b), which includes public records and public filings in other district courts. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)(permitting judicial notice of public records), cert. denied, 540 U.S. 872 (2003); Universal Express, Inc. v. SEC, 177 F. App'x 52, 53 (11th Cir. 2006)(permitting judicial notice of public filings in other district courts).

## II.

Woods is an African American Woman who served as an "Aircraft Inspector" for Western Global between May 5, 2020, and October 14, 2020. (Doc. #18, p. 5.) Throughout her employment, Woods was the only African American woman in the role and was treated differently than her white male counterparts. (Doc. #18-1, p. 2.) Her work was scrutinized, and she was verbally admonished for behavior the white male Inspectors also engaged in. (Id.) Despite this scrutiny, Woods had no performance issues and was never written up. (Id.) On October 14, 2020, Woods was discharged for poor job performance. (Id. at p. 3.) Confused by this, Woods filed a discrimination charge with the Louisiana Commission on Human Right ("LCHR") and Equal Employment Opportunity Commission ("EEOC") on February 18, 2021. (Id. at p. 2.)

While Woods's charge was pending with the LCHR and the EEOC, Western Global filed a voluntary petition for Chapter 11 bankruptcy

with the United States Bankruptcy Court for the District of Delaware on August 7, 2023. See Chapter 11 Voluntary Petition, In re Western Global Airlines, Inc., (No. 1:23-bk-11093). Approximately two months later, on October 17, 2023, Woods filed two Proof of Claims in the bankruptcy case relating to her discrimination charge. See Notice of Objection to Debtors (I) Request to Extend Deadline and (II) Relief Request, In re Western Global Airlines, Inc., (No. 1:23-bk-11093)(attaching Proof of Claim numbers 103 and 109 as exhibits F and G, respectively).

A month later, on November 21, 2023, the bankruptcy court entered an order confirming the Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). See Order Confirming Amended Joint Chapter 11 Plan of Reorganization of Western Global Airlines, Inc. and Its Debtor Affiliates, In re Western Global Airlines, Inc., (No. 1:23-bk-11093). The confirmation order stated:

> Upon the Effective Date, and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, any and all Claims, Interests, rights and liabilities against the Debtors that arose prior to the Effective Date shall be discharged to the fullest extent permitted by section 1141 of the Bankruptcy Code. Upon the Effective Date, the holders of any such Claims, Interests, rights, and liabilities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim, Interest, right, or liability against the Debtors or the Reorganized Debtors or any of their Assets or property, whether or not such holder has filed a Proof of Claim

-4-

and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

See Amended Joint Chapter 11 Plan of Reorganization of Western Global Airlines, Inc. and Its Debtor Affiliates at 43, In re Western Global Airlines, Inc., (No. 1:23-bk-11093). The Effective Date was December 13, 2023.

After receiving the right to sue letter from the EEOC on August 20, 2025, Woods filed suit in the United States District Court for the Northern District of Texas, which was subsequently transferred to the Middle District of Florida on February 10, 2026.

Woods's Second Amended Complaint now brings federal and state claims for discrimination against Western Global.

### III.

Western Global contends Woods's claims are discharged by the Plan since her discrimination claims arose before the Effective Date. (Doc. #34, pp. 7-8.) Woods, however, argues her claims did not arise before the Effective Date because her "case was in the investigative stages" with the EEOC. (Doc. #41, pp. 2-3.) The Court agrees with Western Global.

When a Chapter 11 plan is confirmed, it is binding on both the debtor and his creditors. See 11 U.S.C. § 1144. Where it is a corporate Chapter 11 proceeding, confirmation of the plan also discharges any debts, including claims, that arose before the date

of confirmation.  See id. § 1141(d)(1)(A); id. §§ 101(5)(A) and 101(12)(defining debt and claim).  In fact, "a confirmed plan of reorganization creates a contractual relationship between the debtor and the creditor where the creditor's pre-confirmation claim is subsumed in and replaced by the new contract created by the confirmed plan."  See First Nat'l Bank of Oneida, N.A. v. Brandt, 887 F.3d 1255, 1260 (11th Cir. 2018)(internal quotation marks and punctuation omitted)(quoting In re Winn-Dixie Stores, Inc., 381 B.R. 804, 807 (Bankr. M.D. Fla. 2008)).  Simply put, once the plan is confirmed, "[t]he initial claim filed by the creditor during the pendency of the case is dead, replaced by the new contractual obligation created by the creditor's treatment under the confirmed plan."  Id.

It is undisputed that the Plan was confirmed by the Delaware bankruptcy court.  See Order Confirming Amended Joint Chapter 11 Plan of Reorganization of Western Global Airlines, Inc. and Its Debtor Affiliates, In re Western Global Airlines, Inc., (No. 1:23-bk-11093).  The language of the Plan also clearly discharges and extinguishes Woods's claim if it arose before December 13, 2025. Therefore, the only question remaining is whether Woods's cause of action accrued before or after December 13, 2023.

Based on Woods's allegations, the discriminatory act — her termination — occurred on October 14, 2020.  (Doc. #18-1, p. 2.)

-6-

In ordinary wrongful discharge claims, the cause of action accrues when the employee is fired, not when the right to sue letter is issued.   See Green v. Brennan, 578 U.S. 547, 555-56 (2016). Accordingly, Woods's cause of action accrued before December 13, 2023, and the Plan discharged her claim.  Since Western Global has been discharged from liability, the Court must dismiss the case.

Accordingly, it is now

**ORDERED**:

Defendant Western Global Airlines, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #34) is **GRANTED.**  The Second Amended Complaint is **DISMISSED without prejudice.**  The Clerk shall enter judgment accordingly, terminate all pending deadlines and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of June 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-7-